UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Barbara M. Bush, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 /839
)
Headquarters for U.S. Attorney General )
Gonzalez *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

The plaintiff is a resident of Hyattsville, Maryland, suing the United States for allegedly detaining her without due process of law. *See* Complaint at 2. Although the complaint lacks clarity and cohesion, the plaintiff seems to allege that while confined at a federal prison for a mental competency evaluation, she was interrogated and tortured. She seeks $50,000 in damages "for the imprisonment and torture." *Id.* at 7.

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp.



11, 14 (D.D.C. 1996). The plaintiff has not indicated that she exhausted her administrative remedies under the FTCA. Therefore, the complaint will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").[1]

/s/ 
United States District Judge

Date: April 30, 2011

---

[1] A separate Order accompanies this Memorandum Opinion.